UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAMIE PYATT, :
           Plaintiff, :
            :
      v. : No. 5:25-cv-0027
            :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY, :
           Defendant. :

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 6 - Granted**

**Joseph F. Leeson, Jr.**                                                                 **March 20, 2025**
**United States District Judge**

### I. INTRODUCTION

The instant matter arises out of an automobile accident. When Jamie Pyatt pursued underinsured motorist benefits through her insurer, State Farm offered $10,000.00 to settle. In response, Pyatt brought suit for breach of contract and bad faith. State Farm now moves to dismiss the bad faith count. For the following reasons, the Court will grant the motion.

### II. BACKGROUND

Pyatt was injured in a motor vehicle accident on May 19, 2020, when another driver struck the rear of Pyatt's vehicle after following too closely. Compl., ECF No. 1-1, ¶¶ 4-7. Pyatt sustained multiple injuries, including dizziness, headaches, bulging disks, back and hip pain, sacroiliac joint pain, contusions and abrasions, the aggravation of pre-existing conditions like arthritis, and the onset of mental health conditions like depression, anxiety, and emotional distress. *Id.* at ¶ 8. At the time of the collision, the tortfeasor was insured with Progressive Advanced Insurance Company, with bodily injury liability protection limits of $15,000. *Id.* at ¶ 16. On May 30, 2023, Pyatt settled with the tortfeasor for the bodily injury protection limit of

$15,000 but believes this to be insufficient compensation for her injuries. *Id.* at ¶¶ 18-19. Pyatt has an applicable insurance policy with State Farm which provides for underinsured motorist coverage of $100,000, which was designated as "non-stacked" at the time of the accident. *Id.* at ¶ 21. Pyatt claims damages of at least $100,000, to cover ongoing medical expenses for the treatment of her above-mentioned injuries, as well as loss of wages and emotional pain and suffering. *Id.* at ¶¶ 23, 33. On October 9, 2023, Pyatt made a demand of State Farm for the available $100,000 limit under the policy. *Id.* at ¶¶ 30, 36. In response, on November 29, 2023, State Farm made a settlement offer of $10,000. *Id* at ¶ 42. Pyatt rejected this offer and filed suit against State Farm in the Court of Common Pleas of Northampton County, Pennsylvania, on November 27, 2024. *See id.* State Farm timely removed this case to the District Court for the Eastern District of Pennsylvania on January 3, 2025. *See* Notice of Removal, ECF No. 1. State Farm filed a Motion to Dismiss Pyatt's bad faith claim on January 10, 2025, *see* ECF No. 6, Pyatt filed a Response on January 21, 2025, *see* ECF No. 7, and State Farm filed a Reply on January 29, 2025, *see* ECF No. 9. The matter is fully briefed and ready for disposition.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**      **Bad Faith**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-CV-1087, 2016 WL 3181743 at *4 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-CV-01234, 2021 WL 3203405, at *2 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones'

conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 WL 3181743 at *4. The plaintiff's evidence must be "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation about whether or not the defendants acted in bad faith." *Houtz v. State Farm Fire and Cas. Co.*, No. 23-CV-3579, 2024 WL 4556054, at *3 (E.D. Pa. Oct. 23, 2024) (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

### IV.  DISCUSSION

Pyatt's Complaint makes several conclusory allegations as to State Farm's bad faith conduct. For example, Pyatt claims that State Farm acted in bad faith by "[f]ailing to properly investigate Plaintiff's claims for underinsured motorist benefits," thereby undervaluing the claims, and "[f]ailing to properly and promptly communicate with Plaintiff about her claim for underinsured motorist benefits." Compl. at ¶ 49. Yet, the facts demonstrate that State Farm communicated a settlement offer to Pyatt within two months of her original demand. *Id.* at ¶ 42. Though it is unclear what, if any, communication occurred between the parties after State Farm made its $10,000 offer, the facts averred do not depict a complete failure by State Farm "to properly and promptly communicate" with Pyatt. As for the allegations that State Farm failed to properly investigate and thus undervalued the claims, Pyatt has not alleged any facts in support of this assertion. Without more, there is no "clear conviction" that State Farm acted in bad faith. *See Houtz*, 2024 WL 4556054, at *3; *Young v. State Farm Automobile Ins. Co.*, 614 F. Supp. 3d 153, 156 (E.D. Pa. 2022) (A "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements.") (citing *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200,

208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012))).

Other bad faith allegations in the Complaint are more specific. For instance, Pyatt alleges that State Farm failed "to negotiate in good faith," by ignoring the "medically-supported value of Plaintiff's injuries as set forth in detail in paragraphs eight (8) through fifteen (15)" of the Complaint when it made its valuation of Pyatt's claim. Compl. at ¶ 49(c). However, paragraphs eight through fifteen only recount Pyatt's injuries, *id.* at ¶ 8, list the medical treatment which she has undergone thus-far, *id.* at ¶ 9, and predict that she "will continue to suffer," "will continue to incur . . . medical expenses," "will suffer a loss of earning power and capacity," and "will be in the future unable to pursue and enjoy the usual activities" of a person her age, *id.* at ¶¶ 10-14. Notably, unreasonably low settlement offers may offer evidence of bad faith, and such a claim may be supported by further evidence of lost wages and medical expenses. *See Davis v. Nationwide Mutual Ins. Co.*, 228 F. Supp. 3d 386, 389-90 (E.D. Pa. 2017). However, Pyatt does not make clear why a $10,000 settlement offer (or a claim valuation of $25,000)[1] is unreasonable. *See Carr v. Travelers Home and Marine Ins. Co.*, 700 F. Supp. 3d 288, 296 (E.D. Pa. 2023) ("[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.") (quoting *Smith*, 506 F. App'x at 136). The Complaint does not state the cost of any past treatment or estimate the cost or frequency of future treatments; it does not state an amount of Pyatt's lost wages or indicate what type of employment she has. Without any quantitative data, Pyatt has not yet offered enough facts to suggest that State Farm's offer was objectively unreasonable. *See Hampton v. Progressive Ins. Co.*, No. 24-CV-1011, 2024

---

[1] State Farm claims that its total valuation of Pyatt's damages is $25,000 (as covered by its $10,000 settlement offer and the $15,000 tortfeasor settlement). *See* Motion to Dismiss, ECF No. 6, at 5.

WL 2301366 (E.D. Pa. May 21, 2024) (dismissing a bad faith claim where the claimant failed to plead facts as to the reasonableness of his insurer's settlement offer); *cf Risk v. LM Gen. Ins. Co.*, No. 23-CV-41, 2024 WL 1120396 at *5 (E.D. Pa. Mar. 14, 2024) (denying a motion to dismiss a bad faith claim premised on an unreasonably low claim valuation where the claimant's "injuries and medical treatments [were] well documented" in addition to her "alleged predicted future medical costs."). Even so, an assertion "that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits" would not alone be enough for "the Court [to] make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." *Clapps v. State Farm Ins. Companies*, 447 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Soldrich v. State Farm Fire and Cas. Co.*, No. 5:15-CV-01438, 2015 WL 7568442, at *4 (E.D. Pa. Nov. 25, 2015)).

Pyatt also alleges that State Farm acted in bad faith by "[f]ailing to timely respond to Plaintiff's demand with a reasonable offer," and "[f]ailing to promptly pay the Plaintiff the amount which Defendant valued the claim to be worth" for some twelve months after Plaintiff's initial $100,000 demand. Compl. at ¶ 49(d). Yet the Complaint avers that State Farm responded to Pyatt's original demand only fifty-one (51) days thereafter. *Id.* at ¶¶ 42, 45. "Whether something is untimely . . . may be an element of a bad faith claim only to the extent that it itself has sufficient support; otherwise, an allegation that a claim was not timely paid and investigated is a legal conclusion which a court must disregard at a motion to dismiss stage." *Carr*, 700 F. Supp. 3d at 297 (cleaned up) (citing *Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017)). "In cases premised on insurer delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months." *Young*, 614 F. Supp. 3d at

157–58. Here, State Farm responded to Pyatt within two months, which is "well within the timeframe that courts have held to be reasonable, especially considering that insurance investigations often take several months." *Lopez v. State Farm Mut. Automobile Ins. Co.*, No. 5:24-CV-1750, 2024 WL 2874556, at *2 (E.D. Pa. June 6, 2024) (citing *Meyers*, 2017 WL 386644, at *7 ("I am unable to find precedent supporting the proposition that an insurance company's investigation of a claim lasting three-and-a-half months is unreasonably lengthy"); *Robbins v. Metro. Life Ins. Co.*, No. 08-CV-0191, 2008 WL 5412087, at *8 (E.D. Pa. Dec. 29, 2008) ("the four month delay is not, by itself, so unusual or unreasonable to indicate bad faith")). Moreover, there is no suggestion that Pyatt agreed to the settlement offer of $10,000, so State Farm's "failure to pay" that amount or more over the following year is not evidence of bad faith.

As a whole, the allegations in the Complaint suggest a disagreement over State Farm's value of the claim, which alone is insufficient to state a claim for bad faith. *See Litman v. GEICO Cas. Co.*, No. 22-CV-04530, 2023 WL 8091982, at *3 (E.D. Pa. Nov. 21, 2023) (explaining that an insurance company's "failure to offer Plaintiffs' their demanded policy limits cannot, without more, amount to bad faith"); *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-CV-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015) (finding that there were no "factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits" since the complaint merely established that the plaintiff disagreed with the insurer's offer). Count II of the Complaint is dismissed with leave to amend,[2] and Pyatt is cautioned that any amended complaint "must

---

[2]   *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Rosenberg v. Amica Mut. Ins. Co.*, No. 18-CV-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. 18-CV-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018).

## V. CONCLUSION

State Farm's Motion to Dismiss Count II is granted because the allegations in the Complaint do not support a bad faith claim. Pyatt is granted leave to amend the Complaint and fix the deficiencies therein, and so the bad faith claim (Count II) is dismissed without prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge